IN THE UNITED STATES DISTRICT COURT,
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LORIE MICHELLE ALLGIER (McNeil),<br><br>Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No.  2:03-cr-418 CW<br><br>Judge Clark Waddoups |

This matter is before the court on a Motion for Expungement.  On February 19, 2004, Lorie Michelle Allgier[1] was sentenced to nineteen-months imprisonment for possession of stolen mail.  Judgment, at 1 (ECF No. 76).  Upon release, Ms. McNeil was placed on supervised release for three years, where she continued to struggle with various issues.  Since her supervised release ended, this court has had no other case involving Ms. McNeil.

In her motion, Ms. McNeil reports that she has found happiness in her life.  She wants to continue to progress and obtain better employment.  Her conviction, however, has limited her employment opportunities.  She therefore requests that her record be expunged.

## ANALYSIS

The Tenth Circuit Court of Appeals has held that district courts have "inherent equitable powers" to grant a motion for expungement, but only in limited circumstances.  *United States v.*

---

[1] In her motion, the defendant uses the last name of McNeil.  Accordingly, the court references the defendant by that name in this decision.

*Trzaska*, 781 F. App'x 697, 699–700 (10th Cir. 2019).  The Tenth Court distinguishes between a motion to expunge an arrest record versus "a motion to expunge records of criminal convictions." *Id.* at 700 (citation and emphasis omitted).  "[I]n extreme circumstances, an arrest record may be expunged after dismissal of the charges or acquittal." *United States v. Pinto*, 1 F.3d 1069, 1070 (10th Cir. 1993) (citation omitted).  Once a person has been convicted of a crime, however, the Tenth Circuit permits expungement only if the "federal conviction . . . has, in some manner, been invalidated" and an extreme circumstance has been shown to justify the expungement. *Id.*

In *Pinto*, a defendant requested expungement after being convicted for "conspiracy to defraud the United States and filing a false tax return." *Id.* at 1069.  The defendant requested expungement because "her status as a convicted felon disrupted many aspects of her life, such as preventing her from helping at her daughter's liquor store." *Id.*  The district court denied her motion and the Tenth Circuit affirmed because there was "no allegation that the conviction was in any way improper." *Id.* at 1070–71.

Similarly, in this case, there is no challenge to Ms. McNeil's conviction.  Her conviction has not been invalidated.  Instead, Ms. McNeil requests expungement so she may obtain better employment.  The court understands Ms. McNeil's desire and commends her for the progress she has made.  The court, however, lacks authority to grant the requested relief under established law.  The court therefore denies Ms. McNeil's motion.

## **CONCLUSION**

For the reasons stated above, the court DENIES the Motion for Expungement (ECF No. 116).

DATED this 25th day of May, 2021.

BY THE COURT:

_____
Clark Waddoups
United States District Court Judge