IN THE UNITED STATES DISTRICT COURT,
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LORIE MICHELLE ALLGIER (McNeil),<br><br>Defendant. | MEMORANDUM DECISION<br>AND ORDER DENYING<br>MOTION TO SEAL<br><br>Case No.  2:03-cr-418 CW<br><br>Judge Clark Waddoups |

    This matter is before the court on a Motion to Seal Case (ECF No. 118) filed by Defendant Lorie Michelle Allgier McNeil.[1]  On May 25, 2021, the court denied Ms. McNeil's Motion for Expungement on the basis that it "lack[ed] authority to grant the requested relief under established law."  *United States v. Allgier*, No. 2:03-cr-418 CW, 2021 U.S. Dist. LEXIS 100231, at *2–3 (D. Utah May 25, 2021).  Almost four years have passed since that time, and Ms. McNeil has continued to demonstrate her deep commitment to a decision she made in 2012 to change her life.  She has lived that commitment for over a decade, and multiple individuals have spoken on her behalf because of how extraordinary the changes have been in her life.  Such change is an accomplishment warranting the highest recognition due to the amount of effort and determination required to accomplish what Ms. McNeil has done.

    In 2022, the State of Utah Board of Pardons and Parole recognized Ms. McNeil's efforts and "granted a Full and Unconditional Pardon" of Ms. McNeil's convictions appearing under

---

[1] The defendant's last name has changed to McNeil since this case was filed in 2003.  Although the case name has remained the same, the court refers to Defendant herein as Ms. McNeil.

Utah's criminal record system. Pardon Order, at 13 (ECF No. 119). The criminal justice system has served its purpose concerning Ms. McNeil, and there is nothing more needed. Accordingly, Ms. McNeil now seeks for her federal case to be sealed so her past can remain firmly in the past.

The court understands and respects Ms. McNeil's efforts and request. The court, however, can only operate within the bounds of authority it has been afforded, and unfortunately, federal law is markedly different from Utah law. In *Tokoph v. United States*, 774 F.3d 1300, 1305 (10th Cir. 2014), a federal district court determined that it lacked authority to expunge a conviction. Nevertheless, at the defendant's request, the district court sealed the record. *Id.* On appeal, the Tenth Circuit Court of Appeals affirmed the district court lacked authority to expunge a record, but further ordered the district court to unseal the case because there were no grounds to allow it to be sealed. *Id.* at 1305–06.

In part, this is because the United States "Supreme Court has recognized that the press and the public have a common law qualified right of access to judicial records." *United States v. Ware*, No. 5:97CR47-02, 2015 U.S. Dist. LEXIS 59821, at *4 (N.D.W. Va. May 7, 2015) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597–99 (1978)). More so, however, motions to seal a criminal docket are seen as being equivalent to a motion to expunge. *Id.* at *5–6 (concluding "[s]ealing the entire criminal record of the defendant would essentially have the same [effect] as if this Court expunged the defendant's criminal record"). Thus, just as this court lacks the authority to expunge a record, it also lacks the authority to seal a case, except in narrow circumstances that do not apply here.

Utah has the authority to expunge certain convictions because its Legislature has granted that authority. Utah Code Ann. §§ 77-40a-301 to -307 (2024). On a federal level, Congress determines the scope of a federal district court's authority, and absent Congress authorizing

2

expungements, this court can neither expunge nor seal this case. Ms. McNeil has shown that one is capable of change, and the life she has built demonstrates why expungements are warranted in certain circumstances. Unless Congress acts, however, this court is bound by established law.

## **CONCLUSION**

For the reasons stated above, the court denies Ms. McNeil's Motion to Seal (ECF No. 118).

DATED this 22nd day of April, 2025.

BY THE COURT:

_____
Clark Waddoups
United States District Judge
